*1016 OPINION OF THE COURT
Anthony J. Garramone, J.
The above-entitled matter was tried before the court without a jury on the 15th day of December 1992.
On September 5, 1990, the youthful plaintiff, Joseph Car-cone, and two of his young friends, each being approximately 12 years of age at the time, were using a path known to them that led to the rear of the Riverside Mall Shopping Center located in the City of Utica. The three young men approached a fence located at the rear of the property, and it is unclear what their actions were. Suffice it to say, representatives of the security staff of the Mall were watching the fence because it had been vandalized, and was recently repaired that morning. Evidently, security saw the three boys and the boys saw security. The boys retreated the way they had come, and security pursued them.
A maintenance employee of the Mall was assisting security, and he caught up with the boys first, with a security officer in uniform close behind. The maintenance employee put a hand on the plaintiff, Joseph Carcone, and the three boys stopped. They were then placed in a truck owned by Mall security, taken to a Mall office, questioned, photographed and released when mothers of two of the boys appeared. The boys were banished from the Mall for three months, and the photographs of each of them was taken for the purpose of alerting security of their identity for future reference.
This action is brought for assault and battery and false imprisonment. It is uncontroverted that very little, if any physical injury occurred, and no medical testimony or bills were offered for the court’s consideration. The plaintiff says he was embarrassed because he was teased by his cousins and some friends over the incident, and remained home for approximately four days following the event.
The questions are: was there an assault and battery; was there a false imprisonment, and is the plaintiff entitled to damages.
The court is on the horns of a dilemma because the court does find a battery, however slight, and a questionable detention. On the other hand, the court is equally convinced that the boys knew that they should not be entering the Mall from this area and does not want to reward their conduct or that of their friends.
The court feels that the Mall personnel overreacted in this *1017 case from the evidence presented. There was no evidence that the boys climbed the fence, were attempting to climb the fence or were about to do damage to the fence. The testimony is that they were in the vicinity of the fence, which is void of any signs as to trespassing. The Mall says such signs do not last long and they have suffered damage due to vandalism in this area.
Without signs and evidence that the boys were on the fence makes them passive trespassers at best. Regardless of their intentions, and one should not speculate, they had not done any harm other than being in an area that the Mall considers off limits.
The touching of the plaintiff, Joseph Carcone, is a battery; the placing of these three young boys, who have not committed any wrong or crime, in a truck and carting them off to the Mall was inappropriate. Taking their names or taking them home to their parents would have been in keeping with the circumstances. Although it is convenient for the Mall, taking their picture and confining them against their will was inappropriate.
The Mall argues they were trespassers. The court answers, not yet, or not according to the testimony. If they had not yet trespassed or committed a crime, then the stopping and detention were improper.
The court cannot speculate as to damages for humiliation, wrongful detention or battery where very little evidence of damage has been presented.
The court can, as a matter of discretion, award damages in an amount that it feels are appropriate in the circumstances. To that end, the court finds for the plaintiffs in the sum of $2,500 plus costs and disbursements of this action. The funds, after deduction of legal expenses, etc., that remain shall be placed in an account for the infant plaintiff until he is 18 years of age. Plaintiff’s counsel shall present to the court an order for its approval in accordance with this decision.